IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03101-TPO

JESUS DAVID GARCIA PULIDO,

Petitioner,

v.

JUAN BALTAZAR,
Warden, Denver Contract Detention Facility;
GEORGE VALDEZ,
Director, Denver Field Office, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary, U.S. Department of Homeland Security; and
TODD BLANCHE,
Acting U.S. Attorney General;

in their official capacities,

Respondents.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) [ECF 1]. Upon the parties' unanimous consent, ECF 7, U.S. District Chief Judge Daniel D. Domenico entered an Order of Reference, referring this matter for final disposition to the undersigned U.S. Magistrate Judge, ECF 9. Petitioner is "in custody" for § 2241 purposes because he is detained at the GEO-ICE Processing Center in Aurora, Colorado. ECF 1 ¶ 2.

**BACKGROUND**

Petitioner is a native and citizen of Venezuela. ECF 1 ¶ 8. In January of 2024, Petitioner entered the United States at the southern border and presented himself to immigration officials. *Id.*

at 5. The U.S. Department of Homeland Security ("DHS") initially detained Petitioner before placing him in removal proceedings and releasing him on his own recognizance. *Id.* ¶¶ 13-14 (citing ECF 1-2, Order of Release on Recognizance). Petitioner asserts he complied with his supervision requirements and was granted work authorization. *Id.* ¶¶ 15-17 (citing ECF 1-3).

On June 4, 2026, Petitioner was arrested without a warrant when he was appearing for a scheduled check-in appointment at the time and place designated by Immigration and Customs Enforcement (ICE). *Id.* ¶ 18. Petitioner alleges that Respondents have continued to detain him and denied his requests for a custody determination. *Id.* ¶ 22.

Petitioner asserts his detention is governed by 8 U.S.C. § 1226(a). *See id.* ¶ 29. And because he was not arrested "on a warrant issued by the Attorney General," Petitioner argues that his detention violates § 1226(a). *See id.* ¶ 30. Alternatively, he argues that his detention violates his Fifth Amendment right to Due Process. *Id.* ¶ 34. Petitioner requests immediate release, declaratory relief, and for the Court to enjoin Respondents from re-detaining him pursuant to § 1225(b)(2). *Id.* ¶¶ 35-37.

On July 14, 2026, this Court issued an Order to Show Cause for Respondents to justify the detention and specifically instructed Respondents to address Petitioner's warrantless arrest argument and to produce a warrant, if one was issued. *See* ECF 4 at 1-2. Respondents submitted a Response to comply with the Court's Order that makes no attempt to rebut the legal or factual substance of the Petitioner's argument. *See* ECF 6. Respondents note that Petitioner "challenges the lawfulness of the detention," but, tellingly, they do not maintain or represent that Petitioner's detention was lawful. *Id.* at 1. Instead, Respondents only inform the Court of their choice to forego "submitting a brief in opposition to the facts and circumstances of this case." *Id.* They nevertheless

submit their belief that the proper remedy is to order a bond hearing under § 1226(a), or else release Petitioner. *Id.* at 2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

Petitioner urges that his immediate release, and not a bond hearing, is the appropriate habeas remedy because his warrantless arrest lacks a lawful basis. *See* ECFs 1 ¶¶ 35-37; 8 at 4-5; 10.

Based on Respondents' failure to justify the lawfulness of Petitioner's detention, the Court will grant the Petition and afford the traditional habeas remedy of release. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention") (emphasis in original). [1]

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 f.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## ANALYSIS

Petitioner alleges he has lived openly in the country since his entry in 2021. ECF 1 ¶¶ 14-17. He was previously released on his own recognizance pursuant to § 1226 and was fully compliant with his release conditions. *Id.*. As the 10th Circuit has now made clear, Petitioner's

---

[1] The Court resolves the challenge on the warrantless arrest grounds and does not reach any alternative claims.

detention is governed by § 1226(a) of the Immigration and Nationality Act. *See Santillan Quiroz*, 180 F.4th at 1238-40.

Section 1226(a) provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a) . . . As such, it follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (section 1226(a) "authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."); *Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880, at *4 (D. Colo. May 15, 2026). Unless a warrantless arrest is otherwise justified under circumstances not alleged here, *see* 8 U.S.C. § 1357(a)(2), a noncitizen arrested at an ICE check-in without notice or a warrant pursuant to § 1226(a) is detained in violation of the statute. *See Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) ("If the alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered."); *see also Quezada-Estrada*, 2026 WL 1361880, at *5. "Fundamentally, Respondents may not detain first and justify later . . . To hold otherwise would simply turn a blind eye to the irreparable harms of unlawful conduct that reverberate well beyond the warrantless arrests." *Quezada-Estrada*, 2026 WL 1361880, at *5.

By not filing a substantive brief in Response, and by not producing a warrant in response to the Court's Order to Show Cause as specifically ordered, the Court finds that Respondents have effectively conceded that Petitioner was arrested without a warrant in violation of § 1226(a). *See Leon Manrique v. Baltazar*, No. 26-cv-02769-TPO, 2026 WL 2874200, at *3 (D. Colo. Sept. 24,

2026). Despite Petitioner's compliance while on release, including reporting as required on June 4, 2026, he was arrested and detained without a warrant and without any justification. *See* ECF 1 at 5-7. Absent any proffered justification for Petitioner's detention, Petitioner is entitled to immediate release. *See e.g., Quezada-Estrada*, 2026 WL 1361880, at *6 (ordering release of noncitizens detained without a warrant as the "appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate'" (citation omitted)); *Singh v. Mullin*, No. 26-cv-00507-SMD-JHR, 2026 WL 1045881, at *2 (D.N.M. Apr. 17, 2026) (granting release and noting "ICE detained Petitioner during a routine check-in, effectively penalizing the very compliance the agency required."); *Salazar v. Dedos*, 830 F. Supp. 3d 1110, 1117 (D.N.M. 2026). This Court has recently granted release under similar circumstances. *See Leon Manrique*, 2026 WL 4874200, at *3.

Respondents' contention only as to the appropriate relief is not well-taken, given their failure to rebut the fundamental legal challenges raised by Petitioner as to the statutory authority for detention. This Court finds that detention without a warrant, or absent circumstances justifying a warrantless arrest under § 1367(a)(2), violates § 1226(a), and release is the appropriate remedy because "a bond hearing will not cure this fundamental defect in Petitioner's detention" *Id.*; *Garcia-Reyes v. Baltazar*, No. 26-cv-02806-NYW, 2026 WL 1998365, at *4 (D. Colo. July 10, 2026); *Chogllo Chafla*, 804 F. Supp. 3d at 264 ("[A]bsent a warrant a noncitizen may *not* be arrested under section 1226(a). . . Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified." (citation omitted)); *Diallo v. Baltazar*, No. 25-cv-03548-SKC, 2026 WL 237296, at *3 (D. Colo. Jan. 29, 2026) (ordering release under similar facts and noting "there is some indication that immigration judges are refusing to conduct bond hearings entirely under § 1226, so 'the grant of a hearing is

no remedy at all.' (citation omitted)); *Li v. Gantt*, No. CIV-26-909-R, 2026 WL 2045005, at *1 (W.D. Okla. July 15, 2026) (similar); *Makuiza v. Wesling*, 826 F. Supp. 3d 176, 183 (D. Me. 2026); *Miguel v. Baltazar*, No. 26-cv-02830-PAB, 2026 WL 2029951, at *2 (D. Colo. July 14, 2026) (same).

## CONCLUSION

For the reasons set forth above, it is ORDERED that:

1. Petitioner's Motion to Expedite [ECF 11], and Renewed Motion to Expedite [ECF 12] are **denied as moot**;

2. Pursuant to Petitioner's Notice of Errata [ECF 14], the Motion to Expedite [ECF 13] inadvertently filed under the incorrect case caption is **stricken**;

3. Petitioner's Motion for Ruling Within Ten Days on the Petition, or, in the Alternative, for Release Pending Final Adjudication [ECF 15], is **granted**, and the requested relief is provided with this Order;

4. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 [ECF 1] is **granted;**

5. Respondents **shall immediately, and no later than within 72 hours of this Order, by October 5, 2026, release Petitioner from custody**. **No additional conditions of release shall be imposed on Petitioner**; and

6. The Parties shall file a Status Report **by October 6, 2026**, certifying compliance with this Order and confirming Petitioner's Release.

SO ORDERED.

DATED at Denver, Colorado, this 2nd day of October, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge